UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUSUQUZAH MUHAMMAD,                          |
                                             |
                Plaintiff,           |          09 CV 08978 (KMW) (THK)
                                             |
    -against-                              |          <u>ORDER ADOPTING</u>
                                             |          <u>REPORT AND</u>
                                             |          <u>RECOMMENDATION</u>
JUICY COUTURE/LIZ CLAIBORNE, INC.,           |
                                             |
                Defendant.           |
------------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

       Plaintiff Qusuquzah Muhammad brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-2000e-17. Plaintiff asserts a claim of unlawful retaliation against her former employer, Defendant Juicy Couture/Liz Claiborne, Inc. Defendant brought a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       On July 30, 2010, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report"), familiarity with which is assumed, recommending that Plaintiff's claim should be dismissed with prejudice in accordance with the requested terms. Subsequently, on August 16, 2010, Plaintiff filed an affirmation in opposition to Judge Katz's conclusions. For the reasons stated below, the Court ADOPTS the Report in its entirety and GRANTS Defendant's motion to dismiss Plaintiff's Amended Complaint.

1

**I.      Standard of Review**

    A.  Applicable Law

When reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal citations omitted).

However, to the extent that a party makes only "conclusory or general objections, or simply reiterates the original arguments, the [c]ourt reviews the Report and Recommendation only for clear error." See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Vargas v. Keane, No. 93 Civ. 7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994). The Court will also review for clear error portions of the Report to which the parties do not object. Fed.R.Civ.P. 72(b) advisory committee's note; see also Rodriguez v. Morton, No. 04 Civ. 3787, 2009 WL 414033, at *1 (S.D.N.Y. Feb. 13, 2009). Pursuant to "clear error" review, the Court considers whether the Report – or applicable provision thereof - is free of "clear error on the face of the record." Fed. R. Civ.P. 72(b) advisory committee's note; Rodriguez, 2009 WL 414033, at *1.

    B.  Application of Law to Facts

Plaintiff opposes the Report's recommendation to grant Defendant's motion to dismiss.[1] Plaintiff's objection does not speak directly to any finding outlined in the Report. Rather,

---

[1] Because Plaintiff proceeds *pro se*, the Court construes her submissions to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (internal

Plaintiff, in a conclusory manner, states that the discrimination claim she filed against her previous employer led to retaliatory actions by Defendant. (Pl. Aff. Opp.) Plaintiff asks the Court to deny Defendant's motion to dismiss and to create "policy and procedure" to prevent retaliation. (Id.) Plaintiff's opposition is conclusory and does not set forth any specific facts or responses to the Report. Therefore, this Court must review the Report for clear error. Pearson-Fraser, 2003 WL 43367, at *1.

**II.     Analysis**

The Report recommends granting Defendant's motion to dismiss for failure to state a claim under 22 U.S.C. §§ 2000e-2000e-17, and recommends that the dismissal be with prejudice. For the following reasons, the Court ADOPTS the Report in its entirety and GRANTS Defendant's motion to dismiss.

1. Applicable Law

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. V. Twombly, 550 U.S. 544, 570 (2007)). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's factual allegations must be accepted as true, and all reasonable inferences are drawn in plaintiff's favor. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). "Facial plausibility" exists where the

---

quotation marks and citations omitted). Furthermore, her objections "are generally accorded leniency." Dixon v. Ragland, No. Civ. 826, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007) (citations omitted).

"plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. Although a complaint need not set forth detailed factual allegations, it must provide "more than labels and conclusions . . . . [a] formulaic recitation of the elements of a cause of action" does not suffice. Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

2. Application of Law to Fact

The Report finds that Plaintiff's discrimination claim, which formed the basis of her retaliation claim, was against a party other than Defendant, and, even if the claim was intended to be against Defendant, Plaintiff's claim was not plausible on its face. The Report further finds that Plaintiff failed to exhaust administrative remedies with regard to the discrimination claim. (Report at 8.) Finally, the Report finds that, because there is no causal connection between Plaintiff's discrimination claim and the adverse employment action, Plaintiff failed to plead a plausible claim for retaliation. (Report at 11.)

The Court has reviewed the Report and finds it to be well-reasoned and free of any clear error on the face of the record. Accordingly, the Court adopts the Report in its entirety.

III. Conclusion

For the reasons stated above, the Court ADOPTS the Report and Recommendation in its entirety. The Court GRANTS Defendant's motion to dismiss (Dkt. Entry No. 7) in accordance with the terms summarized in the Report, and dismisses Plaintiff's Amended Complaint with prejudice. The Clerk is ordered to close the case. All pending motions are moot.

SO ORDERED.

Dated: New York, New York
       October 8, 2010

                                              Kimba M. Wood
                                            United States District Judge